[No. G022762. Fourth Dist., Div. Three. Oct. 30, 1998.]

In re PABLO D., a Person Coming Under the Juvenile Court Law.
ORANGE COUNTY SOCIAL SERVICES AGENCY, Plaintiff and
Respondent, v.
GLORIA D. et al., Defendants and Respondents;
PABLO D., Appellant.

## COUNSEL

Harold F. LaFlamme and Craig E. Arthur, under appointments by the Court of Appeal, for Appellant.

Laurence M. Watson, County Counsel, and Amy E. Morgan, Deputy County Counsel, for Plaintiff and Respondent.

No appearance for Defendants and Respondents.

## OPINION

**WALLIN, J.**—The minor, Pablo D., appeals from the order at the 12-month review hearing extending reunification services to the 18-month review hearing. We find the appeal moot and dismiss.

Pablo D. was born in August 1996, three months after all of his five siblings had been taken into protective custody due to the severe physical abuse of one sister, Bizotia. Pablo was taken into custody a few days after his birth and declared a juvenile court dependent. Reunification services were offered to the parents, and in December 1997, the juvenile court held a 12-month review hearing for Pablo and an 18-month review hearing for 3 of the siblings, Ezbai, Maylin and Benaia.

The juvenile court found the siblings could not be returned home and terminated reunification services as to them.[1] With respect to 16-month-old Pablo, however, the court felt it was not appropriate to terminate reunification services. "I think that the reality of what's happening here with . . . respect to the other children may have such an impact on the parents that it might . . . make some difference. And so the court is hopeful that reunification services could be of value with respect to Pablo." The court found there was a substantial probability that Pablo would be returned to his parents by the time of his 18-month review, which was set for February 18, 1998, 10 weeks later.

██ The minor claims there was no substantial evidence supporting the court's finding that he would likely be returned home in 10 weeks. He

---

[1]The mother filed a writ petition challenging this finding with respect to Maylin and Benaia, which was denied in an unpublished opinion. (*Gloria D.* v. *Superior Court* (Apr. 6, 1998) G022679.)

argues the evidence that supported termination of reunification services to his siblings compels the same result for him. He may be correct, but the services have been rendered, not only for the 10 weeks originally ordered, but they are still ongoing. Ten months later, the eighteen-month review hearing has still not been held but has been continued numerous times and is presently set for November 9, 1998. Obviously, we cannot rescind services that have already been received by the parents. Because we are unable to fashion an effective remedy, the appeal is moot. (See *Finnie* v. *Town of Tiburon* (1988) 199 Cal.App.3d 1, 10 [244 Cal.Rptr. 581].)

We bewail the waste of time this appeal has caused, for this court, the parents, and, most importantly, for Pablo. If counsel had sought traditional writ relief immediately following the 12-month review hearing, any error could have been dealt with in a timely and effective manner.

The appeal is dismissed as moot.

Sills, P. J., and Rylaarsdam, J., concurred.

A petition for a rehearing was denied November 30, 1998.