[No. G027802. Fourth Dist., Div. Three. May 23, 2001.]

In re DANI R., a Person Coming Under the Juvenile Court Law.
ORANGE COUNTY SOCIAL SERVICES AGENCY, Plaintiff and
Respondent, v.
DAN R. et al., Defendants and Appellants.

COUNSEL

Kate M. Chandler, under appointment by the Court of Appeal, for Defendant and Appellant Dan R.

Marsha Faith Levine, under appointment by the Court of Appeal, for Defendant and Appellant Geraldine W.

Laurence M. Watson, County Counsel, and Julie J. Farber, Deputy County Counsel, for Plaintiff and Respondent.

Michael D. Randall, under appointment by the Court of Appeal, for Minor.

## OPINION

**RYLAARSDAM, J.**—Dan R. and Geraldine W., father and mother of 19-month-old Dani, appeal from a judgment declaring their son a dependent of the court and removing him from their parental custody. Father contends the juvenile court's jurisdictional findings under Welfare and Institutions Code section 300, subdivision (b) and order removing Dani from his physical custody are not supported by substantial evidence. (All further statutory references are to the Welfare and Institutions Code.) In addition, he argues the court abused its discretion by granting him only monitored visitation. Mother joins in the issues raised by father and, in addition, contends the juvenile court erroneously denied her reunification services.

Minor's counsel informed us the juvenile court subsequently granted mother's section 388 petition for reunification services. On our own motion, we requested letter briefs addressing the issue of mootness. Respondent argues mother's appeal is moot and the remaining issues on appeal should also be dismissed as moot based on the parents' stipulation to various findings at the six-month review hearing. We agree and therefore dismiss.

## DISCUSSION

The juvenile court sustained the allegations in the petition for the parents' failure to adequately protect Dani and for mother's prior abuse or neglect of his half siblings. The court also found "to vest custody with the parents at this time would be detrimental to the minor, and to vest custody with social services director is required to serve in the minor's best interests." Reunification services were ordered for father, but not for mother.

After the appeal was filed, mother petitioned the juvenile court for reunification services, and her petition was granted. The six-month review hearing took place on March 19, 2001, and the parents stipulated to the findings "that return of minor to parents would create a substantial risk of detriment to the physical or emotional well being of the minor" and "that there has been some progress made toward alleviating or mitigating the causes necessitating placement . . . ."

■ "[A]n action that originally was based on a justiciable controversy cannot be maintained on appeal if all the questions have become moot by subsequent acts or events. A reversal in such a case would be without practical effect, and the appeal will therefore be dismissed." (9 Witkin, Cal. Procedure (4th ed. 1997) Appeal, § 642, p. 669.) ■ The question of mootness in a dependency case should be decided on a case-by-case basis,

particularly when an error in the juvenile court's initial jurisdictional finding has been alleged. (*In re Kristin B.* (1986) 187 Cal.App.3d 596, 605 [232 Cal.Rptr. 36]; see also *In re Joshua C.* (1994) 24 Cal.App.4th 1544, 1547 [30 Cal.Rptr.2d 10].)

We previously held a parent does not waive the right to challenge the juvenile court's jurisdictional findings merely because the parent stipulates to a dispositional order. (*In re Jennifer V.* (1988) 197 Cal.App.3d 1206, 1209-1210 [243 Cal.Rptr. 441].) In *Jennifer V.*, we concluded waiver would only be found in the event of an unambiguous stipulation to the jurisdictional findings. (*Id.* at p. 1209.) Because the stipulation in that case contained no admission by the parents to the truth of the jurisdictional allegations of child abuse and neglect, we concluded the father had not waived his right to challenge the jurisdictional findings. (*Id.* at p. 1210.)

More recently we concluded a parent had waived the right to challenge the juvenile court's jurisdictional findings by unambiguously stipulating to those jurisdictional findings at the six-month review hearing. (*In re Eric. A.* (1999) 73 Cal.App.4th 1390, 1394-1395 [87 Cal.Rptr.2d 401].) In *Eric A.*, the father's attorney checked the box on the stipulation form stating " 'pursuant to Section 364(c) . . . [that] conditions still exist which would justify initial assumption of jurisdiction under Sec. 300 . . . .' " (*Id.* at p. 1394.) After concluding the father's stipulation constituted an express waiver, we further explained our "decision should serve notice that such stipulations are fatal to pending appeals." (*Id.* at p. 1395.)

The facts regarding the stipulation in this case are not directly analogous to the facts in either of our earlier decisions. Unlike *Jennifer V.*, the parents here did more than simply stipulate to a dispositional order. But, unlike the father in *Eric A.*, the parents refrained from checking the box stating "conditions still exist which would justify initial assumption of jurisdiction under Sec. 300." ▮ Respondent nonetheless argues *Eric A.* applies because the parents checked the boxes stating "that return of minor to parents would create a substantial risk of detriment to the physical or emotional well being of the minor" and "that there has been some progress made toward alleviating or mitigating the causes necessitating placement . . . ." We agree.

The parents stipulated to express findings, made by "clear and convincing evidence," that it would be detrimental to return Dani to them and that continued placement is appropriate and necessary based on the progress they have made in alleviating or mitigating the causes necessitating Dani's placement. Read together, these findings amount to an unqualified admission

that the initial jurisdictional findings and dispositional order are supported by substantial evidence. In addition, the parents stipulated to the visitation plan set forth in the social services reports filed with the juvenile court after the appeal was initiated. These subsequent acts directly contradict, and therefore moot, the issues raised in father's appeal. The sole issue raised by mother on appeal is also undeniably moot, because she has since been offered reunification services. (*In re Pablo D.* (1998) 67 Cal.App.4th 759, 761 [79 Cal.Rptr.2d 247].)

Father's counsel on appeal makes the unsupported argument the attorney at the six-month review hearing signed the stipulation without father's consent. While we note father did not personally attend the hearing, mother was present. The parents live together, father previously expressed his devotion to both mother and child, and there is no reason to believe father would not have consented to the stipulation even if he had personally attended the six-month review hearing.

### DISPOSITION

The appeal is dismissed.

Sills, P. J., and O'Leary, J., concurred.