Filed 11/26/14  In re Kaitlyn E. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re KAITLYN E., a Person Coming Under the Juvenile Court Law. | |
| | D066294 |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | |
| Plaintiff and Respondent, | (Super. Ct. No. J518651) |
| v. | |
| KAITLYN E., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Jean P. Leonard, Judge.  Dismissed.

Valerie N. Lankford, under appointment by the Court of Appeal, for Defendant and Appellant/Minor.

Thomas E. Montgomery, County Counsel, John E. Philips, Chief Deputy County Counsel, and Patrice Plattner-Grainger, Deputy County Counsel, for Plaintiff and Respondent, San Diego County Health and Human Services Agency.

Julie E. Braden, under appointment by the Court of Appeal for Plaintiff and Respondent, Angelica E.

Lelah Fisher, under appointment by the Court of Appeal for Plaintiff and Respondent, Matthew E.

At the June 27, 2014, 12-month review hearing in Kaitlyn E.'s juvenile dependency case, the court denied her request to suspend visits with her parents, Angelica E. and Matthew E. (the parents), continued the parents' reunification services to the 18-month date and set an 18-month hearing for October 14. On July 10, Kaitlyn's trial counsel filed a notice of appeal. In the opening brief, Kaitlyn's appellate counsel contended the court lacked authority to continue services to the 18-month date and erred in denying Kaitlyn's request to suspend visits. By the time the appeal was fully briefed, October 14 had passed. We asked the parties to file letter briefs discussing whether the appeal is moot. We received responses from the parents and the San Diego County Health and Human Services Agency (the Agency).

The Agency, joined by Matthew, requests judicial notice of the October 14, 2014, minute order. The minute order shows the Agency requested a six-week continuance to assess the appropriateness of returning Kaitlyn to the parents' care. The court continued the 18-month hearing to December 1 and gave the Agency discretion to expand visits and allow unsupervised visits, with notice to Kaitlyn's counsel, and to allow overnight visits and a 60-day trial visit, with the concurrence of Kaitlyn's counsel.

The Agency and the parents assert the issue concerning the extension of services to the 18-month date is moot. We agree. The 18-month date has passed. (Welf. & Inst. Code, §§ 361.5, subd. (a)(1)(A), 361.49.) "Obviously, we cannot rescind services that have already been received by the parents." (*In re Pablo D*. (1998) 67 Cal.App.4th 759, 761.) The Agency and the parents also assert the issue concerning suspension of visits may become moot. Again, we agree. Because the December 1, 2014, hearing is days away, this court is "unable to fashion an effective remedy . . . ." (*Ibid*.) We note that if Kaitlyn's trial counsel had sought traditional writ relief immediately after the 12-month hearing, this court could have addressed the contentions in a timely and effective manner. (*Ibid*.)

## DISPOSITION

The appeal is dismissed.

_____

McDONALD, J.

WE CONCUR:

_____
HALLER, Acting P. J.

_____
O'ROURKE, J.