Filed 2/24/15  In re Anthony L. CA5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re ANTHONY L., a Person Coming Under the Juvenile Court Law. | F070134 |
| KERN COUNTY DEPARTMENT OF HUMAN SERVICES,<br><br>Plaintiff and Respondent;<br><br>TAMARA L. et al.,<br><br>Defendants and Respondents.<br><br>ANTHONY L.,<br><br>Appellant. | (Super. Ct. No. JD131010)<br><br>**O P I N I O N** |

## THE COURT*

APPEAL from an order of the Superior Court of Kern County.  Louie L. Vega, Judge.

Donna Wickham Furth, under appointment by the Court of Appeal, for Appellant.

No appearance for Tamara L. et al., Defendants and Respondents.

Theresa A. Goldner, County Counsel, and Jennifer E. Feige, Deputy County Counsel, for Kern County Department of Human Services, Plaintiff and Respondent.

-ooOoo-

_____

\*      Before Levy, Acting P.J., Franson, J., and Smith, J.

Appellant Anthony L., a minor, appeals from the ruling of the juvenile court continuing reunification services for his mother at the combined six and twelve-month review hearing. We dismiss the appeal as moot.

## PROCEDURAL AND FACTUAL BACKGROUND

### Petition and Detention

On July 5, 2013, a petition was filed by the Kern County Department of Human Services (department) pursuant to Welfare and Institutions Code section 300 (undesignated statutory references are to the Welfare and Institutions Code) alleging that Anthony, then two years old, was at substantial risk of suffering serious physical harm or illness because he was found wandering unsupervised, unclothed, and without shoes on a busy street in Ridgecrest. Mother was allegedly under the influence of alcohol and prescription medications.

The petition further alleged that Anthony was found on a busy street in weather that was over 100 degrees Fahrenheit. Mother did not respond to the door of her residence when law enforcement officers knocked several times. The kitchen sink was full of dirty dishes and debris, within the child's reach. The petition also alleged that mother was incarcerated. This was not the first time authorities found Anthony alone outside without adult supervision. Anthony was detained on July 2, 2013. At the jurisdiction hearing on August 5, 2013, the parents waived their rights to a contested hearing and submitted the matter on the allegations in the petition and the social workers' reports.

According to her social worker, mother reported a sobriety date of July 1, 2013; she was sober and was regularly attending AA meetings. Mother was diagnosed with bipolar disorder. Mother's psychiatrist prescribed her Seroquel, Propranolol, Effexor, and Klonopin. Because these medications were making mother too drowsy, mother

obtained a medical cannabis prescription card from another physician, which was prescribed for mother's anxiety during the day. Taking marijuana helped mother through panic attacks. The department recommended family reunification services for mother, though the department was concerned about the medical cannabis prescription because it appeared to be addressing her addiction to alcohol with a different controlled substance. On January 8, 2014, the juvenile court continued Anthony as a ward of the court and ordered reunification services for mother.

A social worker's report, prepared in June 2014, indicated that between January 2014 and mid-June 2014, mother tested positive for tetrahydrocannabinol (THC) and her prescription medications, but not for alcohol. Mother's psychiatrist was prescribing mother Seroquel, Propranolol, Effexor, and Valium. Mother's primary doctor diagnosed mother with bipolar disorder, panic disorder, and agoraphobia. In March 2014, mother stopped taking Valium and Propranolol.

On July 11, 2014, a social worker contacted mother and asked her if her psychiatrist was aware that mother was using medical marijuana. Mother replied that the psychiatrist was aware of her use of medical marijuana but was not necessarily in agreement with mother using it. Mother believed that medical marijuana helped her ability to function as a parent and the prescribed medications made her drowsy. Also medical marijuana helped mother keep her anxiety in check. Mother had installed a new lock on her door that required a key to open the door. Anthony would not be able to open the door as in the past.

Mother maintained regular visits with Anthony in a relative's home. Mother was observed disciplining Anthony with timeouts when he misbehaved. Visits were adequate in quality with no areas of concern. Mother was meeting case objectives by completing counseling for parenting and child neglect, enrolling and participating in substance abuse counseling, enrolling and participating in mental health counseling, and submitting to

3

random, unannounced drug and alcohol testing. Mother did not meet this objective because she had six tests that were positive for THC.

The department stated that mother made moderate progress toward alleviating the causes for the child's placement out of her home. The department noted mother made acceptable efforts in availing herself of the services provided to facilitate reunification with Anthony. The department stated that mother had consistently and regularly contacted and visited with Anthony, and demonstrated a capacity and ability to complete the objectives of the case plan. The department concluded there was a substantial probability Anthony would be returned to mother within six months.

The combined six and twelve-month review hearing began on August 8, 2014. The juvenile court wanted further briefing from the parties concerning whether the level of THC in mother's blood was acceptable and whether any parent using marijuana would be precluded from receiving further services. Mother submitted with her brief a letter from her psychiatrist noting that mother suffered from anxiety, fearful thoughts, depressed mood, difficulty concentrating, excessive worry, restlessness, and racing thoughts. The psychiatrist prescribed four psychotropic medications and was aware that mother occasionally used cannabis with the use of a medical marijuana card. The psychiatrist had seen mother's drug screens and concluded mother did not have a problem with the use of cannabis.

The hearing recommenced on August 28, 2014. The juvenile court noted that the screening indicated mother's THC levels were very high, even from the literature mother referenced in her brief. The court rejected mother's position that she was using an acceptable amount of marijuana. Mother's counsel argued that the issue was risk to the child, there was no demonstrated risk, and noted the doctors were aware mother was using marijuana and her THC levels were consistent with therapeutic use.

4

The juvenile court found mother otherwise compliant with her case plan and did not see evidence of current impairment through the use of marijuana. The court ordered the continuation of reunification services for mother. Because of mother's use of marijuana, however, the court further determined there was risk to Anthony should he be returned to mother's care. The court found mother had made moderate progress on her case plan in mitigating the reasons for the dependency action and that there was a substantial probability the child would be returned to mother within six months.[1]

## DISCUSSION

Generally, "[w]hen no effective relief can be granted, an appeal is moot and will be dismissed." (*In re Jessica K*. (2000) 79 Cal.App.4th 1313, 1315.) Where a minor appeals from a juvenile court's order extending services to 18 months, the minor's appeal is moot because the appellate court cannot "rescind services that have already been received" by the minor's parent. (*In re Pablo D*. (1998) 67 Cal.App.4th 759, 761 (*Pablo D*.).)

Nevertheless, counsel for the minor argues that the appeal is not moot because the minor seeks termination of reunification services to mother and the setting of a permanent placement hearing pursuant to section 366.26. The minor's argument, however, is essentially the same as that set forth in *Pablo D*. We face the same issue here that the appellate court faced in *Pablo D*. The minor seeks a ruling from this court finding error in the juvenile court's order granting mother an additional six months of reunification services. The court set the next review hearing for March 2, 2015, only weeks from now. As the court in *Pablo D*. noted, an appellate court cannot rescind services that have already been received by the parent.

---

[1] Reunification services were terminated as to the father, who is not a party to this appeal.

5

## DISPOSITION

The appeal is dismissed as moot.