Filed 10/6/20  In re A.C. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| In re A.C., a Person Coming Under the Juvenile Court Law. | C091595 |
| PLACER COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES, | (Super. Ct. No. 53-004953) |
| Plaintiff and Respondent, | |
| v. | |
| V.C., | |
| Defendant and Appellant. | |

V.C., mother of the minor, appeals from the juvenile court's January 21, 2020 order entered at an interim review hearing.  (Welf. & Inst. Code, §§ 361.2, 395.)[1]  She contends the juvenile court's finding that nontherapeutic visits would be detrimental to

---

[1]     Undesignated statutory references are to the Welfare and Institutions Code.

1

the minor was not supported by the evidence, the court erred in delegating to the minor and father the authority to decide whether certain visits would take place, and the court erred in denying her request for a contested hearing before permitting father to move to Texas with the minor.  During the pendency of this appeal, the juvenile court terminated dependency jurisdiction and entered new visitation and custody orders.  As a result, we dismiss the appeal as moot.

BACKGROUND

In light of our resolution of the issues raised, we provide a limited summary of the background facts.

After numerous referrals stemming from mother's alcohol abuse and related conduct, the Placer County Department of Health and Human Services (Department) filed a section 300 petition on behalf of the then nine-year-old minor.  The minor was detained from mother's care on September 17, 2019, and placed in father's custody.  Father informed the court at the detention hearing that he intended to move to Texas where he had accepted a job, had relatives, and had a place to live.  The juvenile court instructed father he could not move to Texas with the minor at that time but could visit Texas with the minor for a period of not more than eight days.  Mother was provided visitation two times per week, but the minor was not to be forced to visit and he refused to visit.

On October 8, 2019, mother's counsel requested therapeutic visits be arranged because the minor was refusing to visit.  The Department agreed to look into arranging therapeutic visits.

The juvenile court sustained the allegations in the amended petition on October 30, 2019.  Mother had not had any visits with the minor since her visit shortly before the detention hearing.  Minor's counsel stated the minor was "really opposed" to visits with mother and is "really, really, really angry about how she was treating him."  The minor did not feel safe having visits with mother but, if they were to be required, he requested

they be therapeutic visits and that his father also be present.  The minor expressed that this would help him feel safe, but he did not even like to think about visiting with mother.  The minor was not yet in therapy.  The court noted the Department was setting up a therapeutic visit for November 1, 2019, with father present in the building, and strongly encouraged the minor to attend that and future therapeutic visits.

The disposition hearing took place on November 22, 2019.  The minor had participated in the November 1, 2019 visit.  Mother and the minor had talked about school, friends, Halloween, fishing, and a school field trip.  After 45 minutes, the minor indicated he wanted to end the visit.  The social worker thought the visit had gone well but, after the visit, the minor reported he had not liked the visit.  Father reported the minor had not wanted to participate in the rest of the November visits.  Minor's counsel stated the minor had been clear that he does not want to visit mother, he wants to be with father, and he wants to move to Texas if his father wants to move there.

The juvenile court found the minor to be a dependent child of the court under section 300 and ordered the Department to provide services to both parents.  Father was permitted to travel to Texas with the minor from November 27, 2019, through December 3, 2019.  The court encouraged all parties to facilitate visitation but it was not going to force the minor to visit against his wishes.  The court expressly stated the social worker and/or minor's counsel, not father, would decide if the minor was choosing not to visit.  It indicated it was considering whether to terminate dependency at the next hearing, unless there were still protective issues, and set an interim review hearing for January 21, 2020.  The six-month review hearing was set for May 19, 2020.

The Department's interim review report indicated the minor loved spending time with father but continued to decline to visit mother.  At the January 21, 2020 interim review hearing, minor's counsel reported the minor stated he wanted to move to Texas

3

with father.[2]  When asked about the possibility of moving sooner if he agreed to visits with mother, the minor said he could not do that.  The juvenile court remarked that they all had been trying to "force it" with the minor and that he needed a break.  Therapeutic visits were set up and authorized but the court ordered the minor would not be forced to participate and found that visits other than therapeutic visits would be severely detrimental to the minor.  The court also ordered that father was permitted to move to Texas with the minor "on an interim basis."  When asked to clarify its order that it be on an interim basis, the court stated, "Just until our next court date.  Six month review is on May 19th."  The court then encouraged the minor to consider communicating with mother.

Mother filed the instant appeal.  The appellate record was subsequently augmented with the juvenile court's July 10, 2020 six-month review orders terminating dependency jurisdiction.

## DISCUSSION

Here, mother challenges the juvenile court's January 21, 2020 interim review hearing orders, arguing (1) the evidence did not support the juvenile court's finding that visits, other than therapeutic visits, would be detrimental to the minor; (2) the juvenile court improperly delegated the decision of whether visits would take place to the minor and father; and (3) it was an abuse of discretion to permit father to move to Texas with the minor without first providing an evidentiary hearing (which permission, we underscore, was expressly given only until the next review hearing in six months).

The January 21, 2020 orders about which mother complains, however, are no longer in effect.  At the July 10, 2020 contested six-month review hearing, the juvenile court entered a new order awarding sole physical and legal custody to father and

---

[2]     The minor was present at the hearing.

4

terminating dependency jurisdiction.  The custody and visitation exit order provides mother a minimum of two therapeutic visits with the minor each month and expressly removed the provision which allowed the minor to unilaterally decline to visit.  The January 21, 2020 order permitting father to move to Texas on an interim basis expired by its own terms.  The exit order provided that the minor was permitted to permanently move to Texas with father, but that father was not permitted to change the minor's residence to a state other than Texas or California without prior court approval.  Thus, the issues raised by mother in this appeal are moot.

"It is well settled that an appellate court will decide only actual controversies. Consistent therewith, it has been said that an action which originally was based upon a justiciable controversy cannot be maintained on appeal if the questions raised therein have become moot by subsequent acts or events." (*Finnie v. Town of Tiburon* (1988) 199 Cal.App.3d 1, 10.)  A question becomes moot when, during the pendency of an appeal, events transpire that prevent a court from granting any effectual relief.  (See *Lester v. Lennane* (2000) 84 Cal.App.4th 536, 566; see also *Consol. etc. Corp. v. United A. etc. Workers* (1946) 27 Cal.2d 859, 863.)  In such cases, the court will not proceed to a formal judgment, but will dismiss the appeal.  (*Consol., supra*, at p. 863; see *Cucamongans United for Reasonable Expansion v. City of Rancho Cucamonga* (2000) 82 Cal.App.4th 473, 479 ["[a]n appeal should be dismissed as moot when the occurrence of events renders it impossible for the appellate court to grant appellant any effective relief"].)

While this court has discretion to reach the merits of otherwise moot claims when they involve "matters of broad public interest that are likely to recur" (*In re Mark C.* (1992) 7 Cal.App.4th 433, 440; *In re Jody R.* (1990) 218 Cal.App.3d 1615, 1621-1622), or "issue[s] capable of repetition yet evading review" (*In re Raymond G.* (1991) 230 Cal.App.3d 964, 967), there has been no showing the alleged errors identified and briefed in the opening brief on appeal fall into these categories.  The alleged errors briefed by

5

mother are specific to the procedural circumstances of this case as it existed between January and July of this year. Moreover, mother could have sought review by timely petition for writ of mandate if she had so chosen, at a time when we could still have provided a meaningful remedy (such as modification of the visitation order or ordering an evidentiary hearing take place prior to father taking the minor to Texas).

We reject the reliance on *In re Dylan T.* (1998) 65 Cal.App.4th 765 for the proposition that the visitation issues raised are not moot because the constructive denial of visitation could potentially impact mother's ability to reunify with the minor or otherwise "continue to affect [mother's] rights post-dismissal."[3] In *Dylan T.*, the juvenile court erred by refusing to allow the mother visitation while she was incarcerated. (*Id.* at p. 768.) Even though mother was released from incarceration while her appeal was pending, the appellate court found the issue was not moot. (*Id.* at pp. 769-770.) The court explained, "Because reunification efforts could be terminated after six months, the lack of all opportunity for visitation during a significant portion of this time is an error which could infect the outcome of subsequent proceedings." (*Id.* at p. 770.) It also noted that the mother "remains subject to incarceration. If reincarcerated, she would again suffer the consequence of no visitation." (*Id.* at p. 769.)

Here, in contrast, because dependency proceedings have been terminated, any correction to the previous visitation order cannot affect mother's ability to reunify. This court's inaction cannot affect the outcome of the current proceedings because there are no ongoing proceedings. The bare assertion that the earlier, superseded visitation order "could continue to affect [mother's] rights post-dismissal" does not identify a justiciable controversy.

---

[3]     We note that it was the respondent, in conceding error and justiciability, that made this argument. We further note that appellant concurred with the arguments made in the County's brief and declined to file a reply brief.

As we cannot provide any meaningful relief in this appeal, we conclude that mother's claims are moot.  (*In re Pablo D.* (1998) 67 Cal.App.4th 759, 761; *In re Michelle M.* (1992) 8 Cal.App.4th 326, 330.)

DISPOSITION

As all of the issues raised by appellant are moot, the appeal is dismissed.

                                           KRAUSE          , J.

We concur:

     BLEASE         , Acting P. J.

     MURRAY       , J.