Filed 6/21/21  In re J.W. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sierra)

----

| | |
|---|---|
| In re J.W., a Person Coming Under the Juvenile Court Law. | C091690 |
| SIERRA COUNTY DEPARTMENT OF SOCIAL SERVICES,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>K.B.,<br><br>    Defendant and Appellant. | (Super. Ct. No. JV1109) |

In this appeal, appellant, mother of the minor, contends the juvenile court held a six-month review hearing pursuant to Welfare and Institutions Code section 366.21,[1] subdivision (e), which focused on whether return to parental custody was appropriate,

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

1

instead of pursuant to section 364, which focuses on whether continued jurisdiction is necessary. She contends this resulted in the court unnecessarily finding that she had not made progress in her services and the court's failure to consider whether continued jurisdiction over the minor remained necessary. Mother requests, as relief should the instant appeal be successful, this court remand the matter with directions for the juvenile court to conduct a new hearing and determine whether, considering current circumstances, jurisdiction is necessary.

During the pendency of this appeal, however, this court received and augmented the record with the juvenile court's June 30, 2020, 12-month review hearing orders finding supervision no longer necessary, terminating dependency jurisdiction, and entering exiting custody and visitation orders awarding physical and legal custody to father. While these orders are not yet final, they nonetheless establish that the instant appeal has been rendered moot.[2] It is not the finality of the order terminating jurisdiction that renders this appeal moot, it is the juvenile court's consideration and determination at that hearing of whether continued jurisdiction remained necessary.

Mother has already received the remedy she seeks in this appeal. Even if we were to determine, which we do not do here, that the juvenile court held the wrong type of hearing at the time of the six-month review, we cannot provide any effectual relief in this appeal.

"It is well settled that an appellate court will decide only actual controversies. Consistent therewith, it has been said that an action which originally was based upon a justiciable controversy cannot be maintained on appeal if the questions raised therein

---

[2] This court ordered, and the parties filed, supplemental letter briefs addressing what, if any, effective relief this court can provide appellant in this appeal and whether, in light of the juvenile court having entered the June 30, 2020, 12-month review hearing orders, the instant appeal should be dismissed as moot.

have become moot by subsequent acts or events." (*Finnie v. Town of Tiburon* (1988) 199 Cal.App.3d 1, 10.) A question becomes moot when, during the pendency of an appeal, events transpire that prevent a court from granting any effectual relief. (See *Lester v. Lennane* (2000) 84 Cal.App.4th 536, 566; see also *Consol. etc. Corp. v. United A. etc. Workers* (1946) 27 Cal.2d 859, 863.) In such cases, the court will not proceed to a formal judgment, but will dismiss the appeal. (*Consol. etc. Corp., supra,* at p. 863; see *Cucamongans United for Reasonable Expansion v. City of Rancho Cucamonga* (2000) 82 Cal.App.4th 473, 479 ["[a]n appeal should be dismissed as moot when the occurrence of events renders it impossible for the appellate court to grant appellant any effective relief"].)

Despite the fact that mother has already received the relief she seeks in this appeal, mother contends this appeal is not moot because she remains prejudiced somehow by the finding at the six-month review hearing that she did not make adequate progress in her services, because that finding was not "necessary" to a decision whether to terminate jurisdiction. We disagree. First, while such an express finding is not required upon the court's termination of jurisdiction, mother has provided no authority that *prohibits* the court from making such a finding. Moreover, mother's progress, or lack thereof, in addressing and alleviating the issues that made jurisdiction necessary is relevant to the juvenile court when making exiting custody and visitation orders at the termination of jurisdiction, particularly since it was mother's behavior that brought the minor within the court's jurisdiction.

Second, mother has failed to identify any specific, binding, or lasting "negative effects" of the subject finding. The juvenile court continued mother's services to the 12-month review hearing and then made new findings at the 12-month review hearing regarding her progress in services at the time it dismissed the dependency. Although the family court has a statutory obligation to consider the circumstances at the time the exit orders are issued in order to determine whether those circumstances have substantially

changed to warrant a modification to the exiting custody and visitation orders, mother has not provided any authority for the proposition that earlier findings of the juvenile court, such as the one at issue here, have any binding effect on the family court. (*Heidi S. v. David H.* (2016) 1 Cal.App.5th 1150, 1167; see § 302, subd. (d).)

Finally, to the extent mother's progress, or lack thereof, may be relevant in a subsequent dependency case, or to the family court should visitation and custody orders need to be modified, it is not the subject *finding*, but the facts that *support* that finding, that could harm mother in the future—i.e., that mother did not make progress in her services during the six-month period following disposition. Yet, mother does *not* claim prejudice on the basis that the finding was not supported by the evidence.

While this court has discretion to reach the merits of otherwise moot claims when they involve "matters of broad public interest that are likely to recur" (*In re Mark C.* (1992) 7 Cal.App.4th 433, 440; see *In re Jody R.* (1990) 218 Cal.App.3d 1615, 1621-1622) or "issue[s] capable of repetition yet evading review" (*In re Raymond G.* (1991) 230 Cal.App.3d 964, 967), there has been no showing, other than mother's bare assertions, that the alleged errors identified and briefed in the opening brief on appeal are of these types.

In sum, the appeal is moot, as we cannot provide any meaningful relief in this appeal and mother has not shown she has been prejudiced by the allegedly unnecessary finding such that there remains a justiciable controversy. (*In re Pablo D.* (1998) 67 Cal.App.4th 759, 761; *In re Michelle M.* (1992) 8 Cal.App.4th 326, 330.)

**DISPOSITION**

The appeal is dismissed.

/S/

_____
RENNER, J.

We concur:

/S/

_____
BLEASE, Acting P. J.

/S/

_____
HOCH, J.