Filed 7/30/21  In re C.F. CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sutter)

----

| | |
|---|---|
| In re C.F., a Person Coming Under the Juvenile Court Law. | C092312 |
| SUTTER COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES, | (Super. Ct. No. DPSQ180000093) |
| Plaintiff and Respondent, | |
| v. | |
| L.F., | |
| Defendant and Appellant. | |

The underlying dependency case giving rise to this appeal was filed in January 2018 on behalf of minor C. and his sibling, L., who were then 10 years of age.  In this appeal, appellant, father of C. and L., appeals from the juvenile court's orders establishing a legal guardianship for C. after reunification efforts with parents had failed. (Welf. & Inst. Code, §§ 366.26, 395.)[1]  Appellant does not challenge the establishment of

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

1

the guardianship in this appeal but, rather, complains of the lack of concurrent orders relating to visitation and the placement of C. in a home separate from his sibling. In light of subsequent developments in the underlying matter, we now dismiss this appeal as moot.

"It is well settled that an appellate court will decide only actual controversies. Consistent therewith, it has been said that an action which originally was based upon a justiciable controversy cannot be maintained on appeal if the questions raised therein have become moot by subsequent acts or events." (*Finnie v. Town of Tiburon* (1988) 199 Cal.App.3d 1, 10.) When subsequent events " 'render[] it impossible for this court, if it should decide the case in favor of [appellant], to grant . . . any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal.' " (*Consol. etc. Corp. v. United A. etc. Workers* (1946) 27 Cal.2d 859, 863.)

"Mootness" is an apt term to describe the reality of the situation before us. In his opening brief, appellant argues: (1) the juvenile court erred by failing "to revisit its previous orders denying any visitation between appellant and [C.]"; (2) the juvenile court erred by failing to issue explicit sibling visitation orders for the minor and L.; and (3) the Agency failed to justify continuing the minor and L. in separate placements and to establish it was making continuing efforts to resolve any conflicts between the siblings, as required by section 16002.

During the pendency of this appeal, this court received copies of juvenile court orders following hearings on October 22 and November 17, 2020, which substantially affect the instant appeal. The record was augmented with the transcripts from these two hearings. These records establish, as appellant concedes, that the issues raised in appellant's opening brief have been rendered moot. The augmented record clearly shows that counseling has been implemented to assist the minor and his sibling in addressing the issues that led them to being separated, that the siblings are progressing in resolving those

2

issues but prefer their separate placements and do not wish to be placed together, and that both C. and L. made it clear that they do not want any contact with appellant.

As the augmented record reflects that each of appellants' assignments of error have been adequately addressed, we cannot provide any meaningful relief in this appeal and, as conceded by appellant, his claims are now moot. (*In re Jessica K.* (2000) 79 Cal.App.4th 1313, 1315; *In re Pablo D.* (1998) 67 Cal.App.4th 759, 761.) In his supplemental brief, appellant requests this court nonetheless proceed to a formal judgement because "the dependency system may need to be reminded from time to time of the importance of maintaining the relationship between bonded siblings," and a published opinion by this court may remind the bench and bar to comply with section 16002. We decline to do so.

Cases reaching the merits of otherwise moot claims have involved "matters of broad public interest that are likely to recur" (*In re Mark C.* (1992) 7 Cal.App.4th 433, 440; see *In re Jody R.* (1990) 218 Cal.App.3d 1615, 1621-1622) or "issue[s] capable of repetition yet evading review" (*In re Raymond G.* (1991) 230 Cal.App.3d 964, 967). The issues raised by appellant in this case are neither and are also particularly fact-driven. Generally, we do not exercise our discretion to decide moot issues when the issues are fact-driven, as their resolution is unlikely to provide much guidance in future cases. (See, e.g., *MHC Operating Limited Partnership v. City of San Jose* (2003) 106 Cal.App.4th 204, 215 [dismissing moot appeal "given the fact-driven nature of the questions presented"]; *Giles v. Horn* (2002) 100 Cal.App.4th 206, 228 [declining to decide a moot issue "dependent upon the specific facts of a given situation"].)

" '[T]he duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.' " (*Consol. etc. Corp. v.*

*United A. etc. Workers, supra*, 27 Cal.2d at p. 863.)  We decline the invitation to proceed to a formal and published judgment in this case which is now moot.

## DISPOSITION

The appeal is dismissed.

/S/

RENNER, J.

We concur:

/S/

ROBIE, Acting P. J.

/S/

MURRAY, J.