Filed 3/23/22  In re R.K. CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re R.K., a Person Coming Under the Juvenile Court Law. | C094204 |
| SACRAMENTO COUNTY DEPARTMENT OF CHILD, FAMILY AND ADULT SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>R.R.,<br><br>Defendant and Appellant. | (Super. Ct. No. JD240781) |

R.R., mother of the minor (mother), challenges the juvenile court's order at the contested prepermanency hearing continuing out-of-home placement of the minor and reunification services to both parents.  (Welf. & Inst. Code, §§ 366.21, subd. (e), 395.)  Mother contends there was insufficient evidence to support the order for continued placement because the Sacramento County Department of Child, Family and Adult Services (Department) failed to demonstrate return of the minor would create a

1

substantial risk of detriment to the safety, protection, or physical or emotional well-being of the minor. She requests that this court reverse the juvenile court's order and remand with directions to order the minor returned to her physical custody with family maintenance services.

During the pendency of this appeal, this court received and augmented the record with the juvenile court's November 3, 2021 order directing that the minor be returned to mother's care and custody with family maintenance services provided to both parents. The Department requests that we therefore dismiss mother's appeal as moot. We conclude the juvenile court's November 3, 2021 order has indeed rendered mother's challenge moot. We therefore dismiss the appeal.

"It is well settled that an appellate court will decide only actual controversies. Consistent therewith, it has been said that an action which originally was based upon a justiciable controversy cannot be maintained on appeal if the questions raised therein have become moot by subsequent acts or events." (*Finnie v. Town of Tiburon* (1988) 199 Cal.App.3d 1, 10.) A question becomes moot when, during the pendency of an appeal, events transpire that prevent a court from granting any effectual relief. (See *Lester v. Lennane* (2000) 84 Cal.App.4th 536, 566; see also *Consol. etc. Corp. v. United A. etc. Workers* (1946) 27 Cal.2d 859, 863.) In such cases, the court will not proceed to a formal judgment, but will dismiss the appeal. (*Consol. etc. Corp.*, at p. 863; see *Cucamongans United for Reasonable Expansion v. City of Rancho Cucamonga* (2000) 82 Cal.App.4th 473, 479 ["[a]n appeal should be dismissed as moot when the occurrence of events renders it impossible for the appellate court to grant appellant any effective relief"].)

After our augmentation of the record and the Department's request to dismiss her appeal, mother did not file a reply brief or otherwise object to the requested disposition. While this court has discretion to reach the merits of otherwise moot claims when they involve "matters of broad public interest that are likely to recur" (*In re Mark C.* (1992)

7 Cal.App.4th 433, 440; see *In re Jody R.* (1990) 218 Cal.App.3d 1615, 1621-1622) or "issue[s] capable of repetition yet evading review" (*In re Raymond G.* (1991) 230 Cal.App.3d 964, 967), there has been no showing that the alleged errors identified and briefed in mother's opening brief on appeal are of these types.

Mother's appeal is moot, as we cannot provide her any meaningful relief in this appeal, and she has not shown she has been prejudiced by the subsequent order such that there remains a justiciable controversy. (*In re Pablo D.* (1998) 67 Cal.App.4th 759, 761; *In re Michelle M.* (1992) 8 Cal.App.4th 326, 330.)

## DISPOSITION

The appeal is dismissed.


_____/s/_____
EARL, J.


We concur:


_____/s/_____
HOCH, Acting P. J.


_____/s/_____
KRAUSE, J.

3