Filed 11/21/22 In re Z.R. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| In re Z.R. et al., Persons Coming Under the Juvenile Court Law. | C095642 |
|---|---|
| SAN JOAQUIN COUNTY HUMAN SERVICES AGENCY, | (Super. Ct. No. STK-JD-DP-2020-0000117) |
| Plaintiff and Appellant, | |
| v. | |
| S.V. et al., | |
| Defendants and Respondents. | |

The San Joaquin County Human Services Agency (Agency) appeals from the juvenile court's order finding the Agency did not provide reasonable reunification services to S.V. (mother) and J.F. (father), parents of the minors, and extending the parents' services an additional six months. (Welf. & Inst. Code, §§ 366.21, 395.)

1

Subsequent to the Agency filing its opening brief on appeal, and after provision of the additional six months of reunification services, the juvenile court issued an order terminating reunification services as to both parents.

"It is well settled that an appellate court will decide only actual controversies. Consistent therewith, it has been said that an action which originally was based upon a justiciable controversy cannot be maintained on appeal if the questions raised therein have become moot by subsequent acts or events." (*Finnie v. Town of Tiburon* (1988) 199 Cal.App.3d 1, 10.) A question becomes moot when, during the pendency of an appeal, events transpire that prevent a court from granting any effectual relief. (See *In re Anna S.* (2010) 180 Cal.App.4th 1489, 1498; *Lester v. Lennane* (2000) 84 Cal.App.4th 536, 566; *Consol. etc. Corp. v. United A. etc. Workers* (1946) 27 Cal.2d 859, 863.) In such cases, the court will not proceed to a formal judgment, but will dismiss the appeal. (*Consol, etc. Corp.,* at p. 863; see *Cucamongans United for Reasonable Expansion v. City of Rancho Cucamonga* (2000) 82 Cal.App.4th 473, 479 ["An appeal should be dismissed as moot when the occurrence of events renders it impossible for the appellate court to grant appellant any effective relief."].)

In a supplemental letter brief, the Agency conceded that the juvenile court's July 21, 2022, order renders the appeal moot, and the appeal must therefore be dismissed. We conclude the appeal is moot. We cannot provide any meaningful relief and there remains no justiciable controversy on the issue of reunification services. (*In re Pablo D.* (1998) 67 Cal.App.4th 759, 761; *In re Michelle M.* (1992) 8 Cal.App.4th 326, 330.)

DISPOSITION

The appeal is dismissed.

/s/ 
HOCH, J.

We concur:

/s/ 
ROBIE, Acting P. J.

/s/ 
EARL, J.