Filed 11/21/25  In re A.J. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| In re A.J., a Person Coming Under the Juvenile Court Law. | C103481 |
| YOLO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | (Super. Ct. Nos. JV2023201, JV2023202) |
| Plaintiff and Respondent, | |
| v. | |
| D.J. et al., | |
| Defendants and Appellants. | |

The Yolo County Health and Human Services Agency (Agency) appeals from the juvenile court's order extending the reunification services provided to D.L., mother of the minors, to the 24-month review hearing and accompanying oral finding that the Agency

did not provide reasonable reunification services.[1]  (Welf. & Inst. Code, §§ 366.21, 395.)[2]
The Agency contends the juvenile court's finding is not supported by the record.

Subsequent to the filing of the Agency's opening brief on appeal, and after provision of the additional five months of reunification services, the juvenile court held the 24-month review hearing.  Upon the recommendation of the Agency, the court extended mother's reunification services an additional six months pursuant to section 352, with an interim review hearing to be held in three months.[3]  We agree with mother (and father, who joins in mother's argument) that these subsequent events render the Agency's appeal moot, and the Agency has not shown that this court can provide it with effective relief, as we next explain.

"It is well settled that an appellate court will decide only actual controversies.  Consistent therewith, it has been said that an action which originally was based upon a justiciable controversy cannot be maintained on appeal if the questions raised therein have become moot by subsequent acts or events."  (*Finnie v. Town of Tiburon* (1988) 199 Cal.App.3d 1, 10.)  A case is not moot where a court can provide the appellant with

---

[1]  As we discuss, *post*, the written findings after hearing (form JV-440) contain a checked box concluding that the Agency *did*, in fact, provide reasonable services.  But the oral findings from the same hearing appear to contradict that written finding.  No party cites to the JV-440 in their briefing, let alone discusses the relevant finding contained therein and the import, if any, of the discrepancy.

[2]  Undesignated statutory references are to the Welfare and Institutions Code.

[3]  On September 3, 2025, concurrent with the filing of her respondent's brief, mother filed a request for judicial notice of the juvenile court's subsequent order and the Agency's 24-month review report.  We deferred ruling on the request pending calendaring and assignment of the panel.  The materials initially attached to the request omitted the findings and orders incorporated by the court, but those findings and orders were subsequently submitted.  We did not receive opposition to the request for judicial notice.  The Agency filed its reply brief on September 25, 2025, and did not specifically address the request.  We now grant the request for judicial notice.  (Evid. Code, § 452, subd. (d).)

effective relief. (*In re D.P.* (2023) 14 Cal.5th 266, 277.) In this context, relief is "effective" when it " 'can have a practical, tangible impact on the parties' conduct or legal status.' " (*Ibid*.) A question becomes moot when, during the pendency of an appeal, events transpire that prevent a court from granting any effectual relief. (See *In re Anna S.* (2010) 180 Cal.App.4th 1489, 1498; *Lester v. Lennane* (2000) 84 Cal.App.4th 536, 566; *Consol. etc. Corp. v. United A. etc. Workers* (1946) 27 Cal.2d 859, 863.) In such cases, the court will not proceed to a formal judgment, but will dismiss the appeal. (*Consol, etc. Corp.,* at p. 863; see *Cucamongans United for Reasonable Expansion v. City of Rancho Cucamonga* (2000) 82 Cal.App.4th 473, 479 ["An appeal should be dismissed as moot when the occurrence of events renders it impossible for the appellate court to grant appellant any effective relief"].)

The Agency acknowledges that a decision by this court in favor of the Agency in this appeal cannot take away the additional reunification services already provided to mother pursuant to the order from which this appeal was taken, but asserts that the finding regarding reasonable services had "significant practical negative financial effects on the Agency by cutting off federal foster care funding for this case under Title IV-E." In this regard, the Agency represents that "[i]n order to receive federal reimbursement for foster care under Title IV-E, the Agency must show that there was a judicial determination of reasonable efforts both to prevent placement and to reunify the child with the parents. (42 U.S.C. 672, Sec 472(a)(2)(A) of the Social Security Act.) If the eligibility criteria are not satisfied, the child is not eligible for Title IV-E funding and remains ineligible until a finding has been made that the Agency made reasonable efforts. (42 U.S.C. 671, 471(a)(15); 42 U.S.C. 672, Sec 472(a)(2)(A); 45 C.F.R. 1356.21(b) and (d).)"

We first note that the juvenile court's written orders for both the March 26, 2025, 18-month review hearing and the August 27, 2025, 24-month review hearing, of which we have taken judicial notice, expressly find the Agency *has* "complied with the case

3

plan by making reasonable efforts to return the child to a safe home through the provision of reasonable services designed to aid in overcoming the problems that led to the initial removal and continued custody of the child and by making reasonable efforts to complete whatever steps are necessary to finalize the permanent placement of the child." While the juvenile court's statements at the March 26, 2025, hearing seemingly contradict this written finding, there is nothing in the record to suggest the juvenile court made any contradictory findings at the subsequent August 27, 2025, hearing.

Thus, even assuming for the sake of argument that the minors became ineligible for Title IV-E funding in March and would remain ineligible until a finding was made that the Agency made reasonable efforts, the requisite finding was made in August. The Agency does not allege or argue otherwise. Indeed, the Agency does not allege (let alone show) that it actually *lost* any funding due to the challenged oral finding, nor does it allege that it would be poised to *recover* any lost funding were we to reverse the trial court's order as the Agency requests. The Agency's assertion regarding "cutting off federal foster care funding" is entirely speculative and unsupported.

Even assuming for the sake of argument that the statute limiting funding *automatically* applied to this case after the court's oral finding (which the Agency does not argue or allege) and/or *was, in fact,* applied (which the Agency has also failed to show), the Agency did not, in response to the mootness argument, even allege that it *could* retroactively retrieve the lost funds should we decide this controversy despite its apparent mootness. Instead, the Agency claims prejudice only until such time as a finding of reasonable services is made, and this event has now occurred, as we outlined *ante*. There is simply no showing of any available remedy.

Accordingly, the Agency has not shown that it continues to be prejudiced in any way by the March 26, 2025, orders from which this appeal was taken. We can provide no meaningful relief and there remains no justiciable controversy on the issue of

4

reunification services.  (*In re Pablo D.* (1998) 67 Cal.App.4th 759, 761; *In re Michelle M.* (1992) 8 Cal.App.4th 326, 330.)  Thus, the appeal is moot.

Although we retain the discretion to consider the merits of a moot appeal, we decline the Agency's invitation to do so here.  An analysis of the juvenile court's determination that reasonable services were not provided due to the Agency's failure to adequately communicate with mother or refer her to specified services requires a fact-based inquiry into the circumstances of this particular case and does not present a question of continuing public importance.  (See *People v. Alsafar* (2017) 8 Cal.App.5th 880, 883 [reviewing court may exercise discretion to consider moot issue if question is of continuing public importance and is capable of repetition, yet evading review].)  We generally do not exercise our discretion to decide moot issues when the issues are fact-driven, as their resolution is unlikely to provide much guidance in future cases.  (See, e.g., *MHC Operating Limited Partnership v. City of San Jose* (2003) 106 Cal.App.4th 204, 215 [dismissing moot appeal "given the fact-driven nature of the questions presented"]; *Giles v. Horn* (2002) 100 Cal.App.4th 206, 228 [declining to decide a moot issue "dependent upon the specific facts of a given situation"].)

## DISPOSITION

The appeal is dismissed as moot.

/s/
Duarte, Acting P. J.

We concur:


/s/
Boulware Eurie, J.


/s/
Feinberg, J.

5